NOTICE
Decision filed 08/06/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240987-U

NO. 5-24-0987

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 08-CF-1756 |
| | ) | |
| GARRETT B. ROTTAU, | ) | Honorable |
| | ) | Timothy D. Berkley, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices McHaney and Sholar concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The defendant has failed to make a substantial showing of a constitutional violation regarding his ineffective assistance of counsel claim related to the plea bargaining process. The judgment of the trial court dismissing the defendant's postconviction petition at the second stage of proceedings is affirmed.

¶ 2     The defendant/petitioner, Garrett Rottau, appeals the trial court's second-stage dismissal of his amended postconviction petition. The defendant claims that he made a substantial showing that his constitutional right to effective assistance of trial counsel was violated, and requests that this court reverse the second-stage dismissal and remand this cause for a third-stage evidentiary hearing on his ineffective assistance of counsel claim. For the reasons that follow, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4      On September 11, 2014, following a three-day jury trial, the defendant was convicted of four counts of predatory criminal sexual assault of a child, stemming from the defendant's conduct that occurred from March 1, 2007, to March 29, 2008. The defendant's conviction was affirmed by this court on appeal. *People v. Rottau*, 2017 IL App (5th) 150046. The factual basis for the defendant's convictions is set out in his prior appeal. *Rottau*, 2017 IL App (5th) 150046. Therefore, we recite only those facts necessary for this disposition.

¶ 5      On June 25, 2018, the defendant, with the assistance of postconviction counsel, filed a postconviction petition that alleged trial counsel provided ineffective assistance of counsel. The trial court reassigned the defendant's postconviction petition to a different judge for the petition's resolution. The newly assigned judge did not act on the initial petition within the allotted 90-day timeframe as required by the statute.[1] Thus, the defendant's postconviction petition advanced to the second stage of postconviction proceedings.

¶ 6      On October 31, 2018, the State filed an answer to the defendant's postconviction petition that requested a denial of the petition from the trial court. On March 27, 2019, the State filed a motion to withdraw its answer, which was granted by the trial court that same day. The State then filed a motion to dismiss the defendant's postconviction petition. On September 29, 2023, the trial court called the State's motion to dismiss the defendant's postconviction petition for a hearing. Postconviction counsel informed the trial court that he was not prepared to go forward on the

---

[1]The Post-Conviction Hearing Act requires that "[w]ithin 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this [s]ection." 725 ILCS 5/122-2.1(a) (West 2016). "A petition that is not dismissed within 90 days must advance to second-stage proceedings under sections 122-4 through 122-6 of the Act [citation]." *People v. Ross*, 2022 IL App (2d) 210068, ¶ 16.

2

State's motion to dismiss and subsequently requested several extensions to file an amended postconviction petition. The trial court granted postconviction counsel's several requests.

¶ 7     On February 12, 2024, postconviction counsel filed the amended postconviction petition (amended petition) that was accompanied by a "certification of compliance with Illinois Supreme Court Rule 615(c)."[2] In the defendant's amended petition, he raised several allegations of ineffective assistance of trial counsel. Among the defendant's claims, he alleged that trial counsel was ineffective for not introducing certain evidence, for failure to cross-examine witnesses adequately or the failure to call certain witnesses. Additionally, the defendant claimed his trial counsel was ineffective for failing to properly advise him of a plea offer made by the State. The defendant points specifically to a plea offer that was allegedly extended by the State in 2014 prior to another hearing held that same day. The defendant claimed that his trial counsel indicated that the State would dismiss the four Class X charges against the defendant in exchange for the defendant's open guilty plea to one Class 1 felony.[3] According to the amended petition, trial counsel allegedly explained that the offer made by the State in 2014 "was basically the same as the Class X charges, not to worry about it, and that [the defendant] could always plead guilty up to the trial date." According to the amended petition, trial counsel never explained the significance of this plea offer and the State withdrew the offer on June 19, 2014, prior to trial.

¶ 8     On March 12, 2024, the State filed a motion to dismiss the defendant's amended petition. The State asserted that the petition should be dismissed because the arguments raised by the defendant in his amended petition did not constitute a constitutional violation that warranted an

---

[2]The record indicates that the certificate was incorrectly titled "certification pursuant to rule 615(c)" and not "Illinois Supreme Court Rule 651(c)." The content of the certificate contained the language of Illinois Supreme Court Rule 651(c). This inaccuracy is only highlighted to ensure transparency.

[3]This was a different plea offer than was originally proffered by the State in 2012 which the record reflects required the defendant enter an open plea of guilty to count I of the four Class X charges against him, and in turn the State would dismiss the remaining charges.

evidentiary hearing. In addition, the State argued that several of the issues raised in the amended petition were barred by either waiver, or *res judicata*, because the issues either could have been raised on direct appeal, or had been raised and adjudicated on direct appeal. Alternatively, if the trial court did not consider the defendant's arguments waived or subject to *res judicata*, the State claimed the defendant's arguments were trial strategy, not ineffective assistance of counsel. Regarding the defendant's claim of ineffective assistance of counsel during the plea bargaining process, the State argued that the defendant's amended petition was too vague where it mentioned the 2014 offer to plead guilty to a Class 1 felony in exchange for dropping the other charges. The State further claimed, relating to the proffered plea, that the amended petition and affidavits did not provide any specifics, such as a term of years, whether this was an open plea, and did not provide any other terms. In order to prove ineffective assistance of counsel, the State claimed the defendant could not show prejudice, as the defendant would have to show he would have accepted the plea offer had he been afforded effective assistance of counsel.

¶ 9    On July 1, 2024, postconviction counsel filed a response to the State's motion to dismiss. The response reiterated the defendant's previous claims related to the introduction of evidence and the calling of witnesses. The defendant also responded to the State's arguments regarding the plea bargaining process. The defendant argued that the lack of specificity was evidence of trial counsel's ineffectiveness; that trial counsel's explanation that a Class 1 felony is the same as pleading to four Class X charges is clearly deficient; and, that a third-stage evidentiary hearing is required for the trial court to determine prejudice. The trial court heard arguments from the State and postconviction counsel on the State's motion to dismiss the defendant's amended petition. At the hearing, on July 16, 2024, postconviction counsel additionally made an oral motion to renew

4

his request for discovery of emails to determine if there was "some correspondence to help us all out" with regard to the defendant's understanding of the State's plea offer.

¶ 10    On August 30, 2024, the trial court entered a written order dismissing the defendant's amended petition. This appeal followed. Initially, we note that the defendant raised several issues in his postconviction petition that he did not argue on appeal. Therefore, we will address only the relevant issues for this appeal.

¶ 11                                   II. ANALYSIS

¶ 12    On appeal, the defendant alleges that he made a substantial showing that trial counsel was ineffective regarding the explanation given to the defendant concerning a plea offered by the State. Specifically, the defendant alleged in his amended petition that trial counsel was ineffective for telling the defendant that the plea of guilty to a Class 1 felony offered by the State was "basically the same as the Class X charges" that the defendant was currently facing. The defendant alleges that he rejected the State's offer based on this characterization from trial counsel which resulted in the defendant's subsequent conviction of four Class X felonies and the defendant's sentence of 8 years on each of the four counts, to be served consecutively, for a total of 32 years.

¶ 13    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) provides a three-step procedural mechanism in which a defendant may challenge his conviction or sentence based on a constitutional violation. *People v. York*, 2016 IL App (5th) 130579, ¶ 15. At the first stage of postconviction proceedings, the court reviews the petition to determine whether it is frivolous and patently without merit. *York*, 2016 IL App (5th) 130579, ¶ 15. At the second stage of postconviction proceedings, counsel may file an amended petition on behalf of the defendant, and the State may file an answer or a motion to dismiss. *York*, 2016 IL App (5th) 130579, ¶ 16. The defendant must make a "substantial showing of a constitutional violation" to survive the

5

second-stage proceedings. (Internal quotation marks omitted.) *York*, 2016 IL App (5th) 130579, ¶ 16. Further, the petitioner is required to support the allegations of a constitutional violation with the record in the case or by accompanying affidavits. *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). When a petitioner makes claims outside of the record, " 'it is not the intent of the [A]ct that [such] claims be adjudicated on the pleadings.' " *Coleman*, 183 Ill. 2d at 382 (quoting *People v. Airmers*, 34 Ill. 2d 222, 228 (1966)). Instead, the function of the pleadings is to determine whether the petitioner is entitled to a hearing. *Coleman*, 183 Ill. 2d at 382. Simply put, the "substantial showing of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original and internal quotation marks omitted.) *People v. Domagala*, 2013 IL 113688, ¶ 35. If a petition survives the second stage, an evidentiary hearing will be held on the defendant's claims. *York*, 2016 IL App (5th) 130579, ¶ 16.

¶ 14    A criminal defendant has a constitutional right to effective assistance of counsel at all stages of the proceedings as guaranteed by the sixth amendment. *People v. Brown*, 2017 IL 121681, ¶ 25. This principle extends to a criminal defendant's right to be "*reasonably* informed with respect to the direct consequences of accepting or rejecting a plea offer." (Emphasis in original and internal quotation marks omitted.) *People v. Hale*, 2013 IL 113140, ¶ 15. A defendant's decision of what plea to enter, however, is a right that belongs to the defendant and not a decision that may be made by trial counsel. *People v. Manning*, 227 Ill. 2d 403, 416 (2008).

¶ 15    To establish an ineffective assistance of counsel claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's deficient performance, the result would have been different. *Strickland v. Washington*,

466 U.S. 668, 687 (1984). Simply put, the *Strickland* test consists of two questions: was counsel's performance deficient and was the petitioner prejudiced.

¶ 16     Considering the first prong of the *Strickland* test, whether counsel's performance was deficient, petitioner's counsel must have made errors so serious, and counsel's performance was so deficient, that counsel was not operating as the "counsel" guaranteed by the sixth amendment. *People v. Evans*, 186 Ill. 2d 83, 93 (1999). "A court measures counsel's performance by an objective standard of competence under prevailing professional norms. To establish deficiency, the defendant must overcome the strong presumption that the challenged action or inaction might have been the product of sound trial strategy." *Evans*, 186 Ill. 2d at 93.

¶ 17     For the second part of the *Strickland* test, the defendant must prove that he suffered prejudice. In other words, "the defendant must show that, 'but for' counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *People v. Lacy*, 407 Ill. App. 3d 442, 457 (2011). In the context of this defendant's claim regarding plea negotiations, the defendant must first "establish that there is a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer." *Hale*, 2013 IL 113140, ¶ 18. The defendant bears the burden of showing that both prongs of the *Strickland* test are proved. *People v. Morris*, 2014 IL App (1st) 130512, ¶ 32. In addition, "there must be independent, objective confirmation that defendant's rejection of the proffered plea was based upon counsel's erroneous advice, and not on other considerations." (Internal quotation marks omitted.) *Hale*, 2013 IL 113140, ¶ 18. We do not, however, need to evaluate whether counsel's performance was deficient if we conclude that the defendant cannot show he was prejudiced. *Hale*, 2013 IL 113140, ¶ 17. In summary, to satisfy the requirements of an ineffective assistance of counsel claim, at the second-stage postconviction proceeding, a petitioner must make

7

a substantial showing of a constitutional violation that will satisfy both prongs of the *Strickland* test. This court reviews the second-stage dismissal of a postconviction petition *de novo. Coleman*, 183 Ill. 2d at 388.

¶ 18    In the instant case, the defendant was initially charged by information, and later indicted, on four counts of predatory criminal sexual assault of a child. 720 ILCS 5/12-14.1(a)(1) (West 2008). On February 22, 2012, the trial court held a pretrial conference, during which the State acknowledged it had extended a plea offer, that if the defendant entered an open plea to count I, a Class X felony, the State would dismiss all of the remaining charges. At the pretrial conference, the following discussion occurred between the trial court, the State, trial counsel (O'Gara), and the defendant:

> "MR. FISCHER [(ASSISTANT STATE'S ATTORNEY)]: Yes, [Y]our Honor. At this point, I believe back in chambers we agreed to a trial date of May 7th, 2012. The State had made an offer to the defendant where he was to—our offer was to plead open to Count 1. We would dismiss Counts 2, 3, and 4. It's my understanding defense is rejecting that offer. Today was his last day to take it.
>
> THE COURT: So the State's withdrawing that offer?
> MR. FISCHER: Yes, [Y]our Honor.
>
> THE COURT: Mr. O'Gara?
> MR. O'GARA [(TRIAL COUNSEL)]: Your Honor, as part of my ethical duties, I have made Mr. Rottau aware of that offer. And it is correct that that offer will not be accepted on today's date.
>
> THE COURT: Okay. Mr. Rottau, is that correct?
> DEFENDANT G. ROTTAU: Yes, [Y]our Honor.
>
> THE COURT: I just want to advise you, Mr. Rottau, if you are convicted, and it doesn't come back later that you allege that Mr. O'Gara did not advise you, if you're convicted of all four of these counts, they're mandatory consecutive sentences at 85 percent, which means the minimum sentence would be 24 years at

8

85 percent. The maximum sentence would be 120 years at 85 percent. Do you understand that?

DEFENDANT G. ROTTAU: Yes, [Y]our Honor.

THE COURT: I just want to make sure you understand—or anything in between 24 and 120. I just want to make sure you understand that so there aren't any allegations later that Mr. O'Gara had not advised you properly on the offer by the State. But you understand what it is?

DEFENDANT G. ROTTAU: Yes, sir.

THE COURT: Okay. Anything else, Mr. O'Gara?

MR. O'GARA: No, [Y]our Honor. I think the only other housekeeping matter would be we talked about a final pretrial or a pretrial of sorts on Thursday, May 3rd.

THE COURT: Okay.

MR. O'GARA: And jury trial for Monday, May 7th, if that's everyone's understanding?"

Thus, the record indicates that the defendant, having been charged with four counts of predatory criminal sexual assault of a child, was advised in 2012 that the cumulative sentencing range was a minimum of 24 years to a maximum of 120 years in the Illinois Department of Corrections (IDOC) to be served at 85%, if the defendant was found guilty of all charges at trial. The defendant had been advised of the outstanding plea offer and explicitly rejected it.

¶ 19    The defendant alleges in his amended petition that a different plea offer was extended by the State in June 2014 that would have reduced the Class X felony to a sole Class 1 felony that carried a potential term of imprisonment with a range of a minimum of 4 years to a maximum of 15 years in the IDOC to be served at 85%, with no specific sentencing agreement in place. According to the affidavits of the defendant's parents, a consultation with trial counsel occurred. Subsequently, the defendant rejected the State's offer. At the conclusion of the hearing in June 2014, the following conversation took place in the presence of the defendant:

9

"THE COURT: Anything else we need to consider today, folks?

MR. FISCHER: I would just point out that we had made an offer in this case that had been discussed quite extensively from my understanding between the defense attorney and the defendant. At this point in time until August the—well, actually at this point in time, our offer's withdrawn. So we're going to trial.

THE COURT: All right. Anything else?
MR. O'GARA: No, Your Honor.

THE COURT: All right. Thank you, folks. We will be in adjournment."

¶ 20 Here, the record also reflects that the defendant was present when the State withdrew its subsequent alleged offer from 2014 to reduce the charge to a Class 1 felony, as claimed by the defendant. Thus, the record indicates that the defendant was aware of both of the alleged plea offers and the potential penalties he faced if a jury found the defendant guilty at trial. Nevertheless, the defendant decided to proceed with trial and was found guilty; and the defendant was sentenced to 8 years on each count, with each count to run consecutively, for a total of 32 years in IDOC.

¶ 21 The defendant now asserts that statements made by trial counsel in 2014 influenced his decision to reject the plea offer, which would have allowed him to enter an open guilty plea to a Class 1 felony, and that said erroneous advice caused him to proceed to trial instead. In support of this assertion, the defendant attached affidavits to his amended petition from his mother and father that set forth their belief that trial counsel improperly informed the defendant of his options. The defendant claims that through his affidavits and his amended petition, he made a substantial showing of a constitutional violation which entitles him to an evidentiary hearing. The record shows, however, that the defendant understood the risks involved with the possible sentence at trial, as the court had clearly informed and questioned him about his lawyer's handling of the plea deal in 2012. Additionally, the defendant was aware of the State's 2014 plea offer, which he also

10

rejected. The alleged characterization by trial counsel that the subsequent offer to plead to a Class 1 felony was basically the same as the offer already available to the defendant does not give rise to the presumption that the defendant would have taken the 2014 plea offered by the State.

¶ 22   The trial court found that the defendant had failed to establish prejudice under *Strickland*. We agree. Considering the first factor to establish prejudice, that the defendant would have pled guilty but for the ineffective assistance, the trial court found "little objective support in the record for [defendant's] assertion that he would have accepted a plea offer if trial counsel had properly informed him of the critical terms." In fact, the trial court found that the opposite conclusion was apparent from the record. The defendant had continuously asserted his innocence throughout the trial and in his initial postconviction petition. At trial the defendant testified on his own behalf, denied the allegations, and even offered an alternative theory for the State's semen evidence found on the carpet in the bedroom. Such a position was contrary to any claim that the defendant would have pled guilty but for the ineffective assistance of counsel. It is the defendant's burden to show both deficient performance and prejudice. See *Morris*, 2014 IL App (1st) 130512, ¶ 32. Simply stated, the defendant's steadfast assertion of his innocence throughout his proceedings and initial postconviction petition does not support his claim that the result of the proceedings would have been different had the defendant been advised differently. Thus, the defendant has failed to show that but for trial counsel's alleged erroneous advice, the defendant would have taken the plea offer extended by the State and pled guilty. Consequently, we find that the defendant cannot show he was prejudiced as to trial counsel's assistance. In light of our finding that no prejudice exists, it is unnecessary to consider the defendant's additional assertions regarding ineffective assistance of counsel during the plea bargaining process. In sum, we find that the defendant has failed to make a substantial showing that trial counsel provided ineffective assistance of counsel, and further find,

11

that the trial court properly dismissed the defendant's amended petition at the second stage of his postconviction proceedings.

¶ 23                                    III.CONCLUSION

¶ 24    For the foregoing reasons, we affirm the order of the circuit court of Madison County dismissing the defendant's postconviction petition at the second stage.

¶ 25    Affirmed.